## ANNIE M. CRANE ET AL.

*v.*

## W. R. BENNETT ET AL.

---

San Juan, Law, No. 470.

ACTION FOR DAMAGES.   BREACH OF CONTRACT.

1. Those dealing with promoters of a corporation which, after its organization, ratifies the promoters' contracts, may proceed against either the former or the latter for a breach thereof.
2. A money judgment in favor of one who alleges nondelivery of capital stock subscribed for, and disclaims as to it, relieves the corporation of the obligation to deliver the stock to him.
3. The one who first breaks a contract is liable to the other in damages.

Case tried November 27, 1907.

---

*Mr. Willis Sweet* and *Messrs. Pettingill & Leake,* attorneys for plaintiffs.

*Mr. Henry F. Hord,* attorney for defendants.

Instructions by Rodey, Judge:

## Statement.

Plaintiffs, mother and son, negotiated with defendants to take an interest in a plantation, the son to be joint manager thereof, etc. They were to receive a certain portion of the capital stock of a corporation to be organized as the owner of the property, and the son was, in addition, to receive a stated salary and to have a residence built for him, etc. Plaintiffs went to considerable expense, leaving their former home and coming to Porto Rico to engage in the enterprise. They never received any stock of the corporation, and, owing to a dispute arising over the conditions of the bargain, plaintiffs left the plantation and sued the defendants, who were the organizers of the corporation, for the money they had paid to them and damages in the premises. The complaint was sustained on demurrer in an opinion which more fully states the facts and settles the law. See 3 Porto Rico Fed. Rep. 185.

Rodey, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a plain action for damages by Annie M. Crane and J. Lewis Eyer, as plaintiffs, against W. R. Bennett and E. W. Keith, as defendants, on account of an alleged breach of a contract. The damages claimed are the sum of $7,000. It arises, as the evidence has shown you, out of negotiations that led up to the formation of a corporation in which the plaintiffs were to become interested.

It is fundamental in the law that, if persons about to organize

a corporation, or who are engaged in the promoting of the organization of a corporation, make any contracts or agreements with persons regarding that corporation, either to furnish it services or goods or to become interested in it, persons dealing with such promoters may, upon the incorporation of the company and its ratification of the contracts made in its behalf, elect to have their remedy, if there has been any violation of the contract, either against the individuals with whom the contract was made, or against the corporation itself; and therefore, if you believe, from a preponderance of the evidence in this case, that these defendants entered into any agreement with the plaintiffs, and thereafter did not themselves carry out such agreement in good faith, or did not cause the corporation to carry out the same in good faith, then these plaintiffs have a right to this action, and should recover such damages, within the amount claimed in their complaint, as you deem proper on the evidence; and, in estimating this damage, you may take into consideration the amount which you may believe to have been paid to defendants or into the concern in cash, and interest thereon and other damage, if any, which the plaintiffs were put to by reason of the breach of the contract by the defendants directly connected therewith, such as loss of time of Mr. Eyer, losses on furniture sales, traveling expenses, etc.

You are further instructed that, if you believe, from a preponderance of the evidence, that these defendants substantially kept every agreement they made with the plaintiffs, and were not guilty of any breach thereof, you should find for them, as they are not in any manner liable to the plaintiffs.

You are further instructed that the plaintiffs, by bringing this action, and in the complaint itself, have disclaimed any

Crane v. Bennett.

right to any of the capital stock of the corporation, mentioned in the evidence, and therefore the fact that you find for the plaintiffs will leave in the treasury of the corporation, under the pleadings, the capital stock which the evidence may have shown you was intended to be delivered to these plaintiffs, and the money paid the plaintiffs, under your verdict, will simply relieve them from all connection with this alleged corporation or with these defendants.

On the other hand, if you believe, from a preponderance of the evidence, that these defendants have not committed any breach of any contract or agreement they may have made with the plaintiffs, then the plaintiffs will not lose their right to demand of the corporation referred to in the evidence any capital stock to which they may be entitled.

You are further instructed that contracts are made to be kept, and that the one who first breaks the contract is the one that is liable to the other.

Verdict for plaintiffs for $4,900.